IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VERNER JOHNSON, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>CSA ARCHITECTS AND ENGINEERS LLP; MUNICIPALITY OF CAGUAS,<br><br>    Defendants. | CIVIL NO.<br><br>RE:<br><br>BREACH OF CONTRACT; ART. 1489 PUERTO RICO CIVIL CODE COLLECTION; AND DAMAGES |

**COMPLAINT**

Plaintiff, VERNER JOHNSON, INC. ("Verner Johnson"), through undersigned counsel, respectfully avers and prays as follows:

**I.   THE PARTIES**

1.   Plaintiff Verner Johnson, formerly E. Verner Johnson and Associates, is a corporation duly organized and existing under the laws of Massachusetts, with principal place of business at 300 Massachusetts Ave., Boston, Massachusetts 02115. Verner Johnson is authorized to do business in the Commonwealth of Puerto Rico as of March 7, 2006.

2.   Defendant CSA Architects and Engineers LLP ("CSA") is, upon information and belief, a limited liability partnership organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business at Mercantil Plaza, Mezzanine Suite, San Juan, Puerto Rico 00918.

3. Defendant Municipality of Caguas (the "Municipality") is an instrumentality of the Government of Puerto Rico organized and existing under Law No. 81 of August 30, 1991, the Autonomous Municipalities Act, 21 L.P.R.A. § 201, *et seq.*, with its principal offices at La Democracia Bldg., 20 Ruiz Belvis St., Caguas, Puerto Rico 00726.

## II.   JURISDICTION AND VENUE

4. The jurisdiction of this Court is based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332, inasmuch as plaintiff is a citizen of the state of Massachusetts and defendants CSA and the Municipality of Caguas are both citizens of the Commonwealth of Puerto Rico for diversity purposes.

5. The matter in controversy, exclusive of interest and costs, exceeds the jurisdictional amount of seventy five thousand dollars ($75,000.00).

6. The transactions, agreements, actions and omissions complained of herein having occurred principally within the Commonwealth of Puerto Rico, the venue of this civil action properly lies in this Court, pursuant to 28 U.S.C. § 1391.

## III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. The Municipality entered into an Agreement for Professional Services with CSA on September 15, 2006 (the "CSA Agreement"), in connection with the design and development of the Caguas Science and Technology Center in Caguas, Puerto Rico (the "Project"), to be constructed by the Municipality.

8. On October 1, 2006, Verner Johnson entered into a Professional Services Agreement with CSA (the "Sub-Contract") for the performance of certain project definition, programming, planning, analysis and other services in relation to the development of the Project (the "Services").

9. Verner Johnson is a world-known firm dedicated exclusively to museum planning and design. CSA selected Verner Johnson in recognition of plaintiff's expertise in the development of interactive science centers such as the Project, as stated in the Sub-Contract.

10. Under the Sub-Contract, Verner Johnson would be compensated $351,000.00 plus expenses for the performance of its Services based on an estimated Project construction cost of $8,000,000.00, and plaintiff's fees would be adjusted in proportion to any adjustment to the Project's construction cost estimate.

11. Upon several revisions and adjustments to the Project, ordered by the Municipality and CSA, the construction cost estimate increased to approximately $12,000,000.00. In addition, the Municipality made substantial revisions to the scope of the Project, which revisions were incorporated into the Sub-Contract, as required by CSA. Accordingly, Verner Johnson's fees for the performance of its Services increased to $634,669.24, plus expenses.

12. By December 31, 2007, Verner Johnson had invoiced to CSA all the Services required under the Sub-Contract, with the exception of services during the bidding phase of the Project, which were not requested by CSA and were not performed or invoiced by Verner Johnson.

13. Verner Johnson invoiced CSA $629,524.24 for fees and $12,433.81 in expenses for the services it performed under the Sub-Contract, for a total amount of $641,958.05. As of present, CSA has paid Verner Johnson $409,190.73 under the Sub-Contract.

14. CSA owes Verner Johnson $232,767.32 for the Services performed and the expenses incurred in connection therewith. CSA has acknowledged in writing that this amount is due and owing to Verner Johnson, but has failed to make any payment to plaintiff since February 2008.

15. For the past ten months, Verner Johnson has made repeated requests for CSA to make final payment, which have gone unanswered.

16. Upon information and belief, as of February 29, 2008, the Municipality had paid CSA $1,136,943.00 under the CSA Agreement, and may owe money to CSA in connection with the development of the Project.

### IV. FIRST CAUSE OF ACTION AGAINST CSA FOR BREACH OF CONTRACT AND COLLECTION OF MONEY

17. Plaintiff incorporates by reference the preceding factual allegations as though if fully set forth herein.

18. Verner Johnson fully complied with its obligations under the Sub-Contract, and delivered to CSA all documents in relation to the Services.

19. CSA has failed to pay Verner Johnson for its performance of the Services under the Sub-Contract, despite constant attempts by Verner Johnson to collect its debt.

20. After several partial payments, CSA currently owes Verner Johnson $232,767.32 in connection with the performance of the Services under the Sub-Contract, which amount – as admitted in writing by CSA – is due, owing, demandable and payable, plus attorneys' fees in relation to the collection of the outstanding debt, court costs and pre-judgment interest.

## V.   SECOND CAUSE OF ACTION AGAINST CSA FOR UNJUST ENRICHMENT AND/OR QUANTUM MERIUT

21. Plaintiff incorporates by reference the preceding factual allegations as though if fully set forth herein.

22. In the alternative, Verner Johnson avers that CSA delivered to the Municipality, without full compensation to Verner Johnson, all Services provided by plaintiff in relation to the Project.  As a result, CSA has been unjustly enriched by Verner Johnson's proper performance under the Sub-Contract.

23. Verner Johnson's patrimony has sustained a loss that is correlative to CSA's unjust enrichment, which is the result of Verner Johnson's uncompensated work-product.

24. In the relationship between CSA, Verner Johnson and the Municipality, CSA benefitted financially from not paying Verner Johnson for the Services that were delivered to the Municipality.

25. Additionally, CSA obtained benefit from Verner Johnson's service, among other reasons, because CSA used plaintiff's work-product to comply with its contractual obligations toward the Municipality, at the expense of Verner Johnson's uncompensated Services.

26. CSA induced Verner Johnson to provide the Services set forth in the Sub-Contract with malicious intent, in order to benefit from said services without making payments to Verner Johnson.

27. CSA has refused to pay Verner Johnson for its Services, although it has delivered to the Municipality some or all of Verner Johnson's work-product relating to the Project. Meanwhile, CSA has reaped the financial and professional benefits of the Services performed by Verner Johnson.

28. The circumstances described are such that equity and good conscience require CSA to make restitution.

29. As a result hereof, CSA must pay Verner Johnson $232,767.32 for the Services provided by plaintiff in connection to the Project, from which CSA has derived financial benefit and

unjust enrichment, plus attorneys' fees, court costs and pre-judgment interest.

## VI.  THIRD CAUSE OF ACTION AGAINST THE MUNICIPALITY UNDER ART. 1489 CIVIL CODE

30. Plaintiff incorporates by reference the preceding factual allegations as though if fully set forth herein.

31. Article 1489 of the Puerto Rico Civil Code, 31 L.P.R.A. § 4130, provides that "[t]hose who furnish their labor and materials in a work agreed upon a lump sum by a contractor have no action against the owner, except for the amount the latter may owe to the former when the action is brought."

32. As the owner of the Project where Verner Johnson provided its Services, the Municipality is liable to Verner Johnson for any monies it has not paid to CSA in connection to the Project up to the amount claimed from CSA herein.

33. Verner Johnson has a direct cause of action against the Municipality for the monies not paid to plaintiff by CSA for the performance of the Services for the Project up to the amount the Project owner owes CSA.

34. Any monies owed by the Municipality to CSA in connection with the Project must be paid to Verner Johnson up to the amount claimed herein.

35. As a result thereof, the Municipality owes Verner Johnson $232,767.32 for the full and proper performance of the Services for the development of the Project.

## VII. FOURTH CAUSE OF ACTION
## AGAINST CSA
## FOR CONTRACTUAL DAMAGES

36. Plaintiff incorporates by reference the preceding factual allegations as though if fully set forth herein.

37. In addition to the causes of action set forth above, CSA's failure to pay Verner Johnson for the proper performance of the Services has caused substantial damages to plaintiff.

38. As a direct, foreseeable and proximate result of CSA's bad faith, fault and negligence, plaintiff has suffered damages including, but not limited to, lost revenue, lost profits, incidental, direct and consequential damages, in an amount of no less than $100,000.00, and such other damages as the evidence may show.

## VIII.    PRAYER

**WHEREFORE**, Plaintiff Verner Johnson, Inc. respectfully requests from this Honorable Court that judgment be entered as follows:

(i) Ordering defendant CSA to pay plaintiff the principal amount of $232,767.32 for services rendered, plus pre-judgment interests and court costs;

(ii) Ordering defendant Municipality to pay plaintiff the principal amount of $232,767.32 for services rendered to CSA

in connection with the Project, plus pre-judgment interests and court costs; and

(iii) Ordering defendant CSA to pay plaintiff $100,000.00 in damages or the amount established at trial, including a reasonable amount in attorneys' fees, and any other legal or equitable relief this Court deems appropriate.

**RESPECTFULLY SUBMITTED.**

In SAN JUAN, PUERTO RICO, this 17th day of February, 2010.

**ADSUAR MUÑIZ GOYCO**
**SEDA & PEREZ-OCHOA, P.S.C.**
Counsel for Verner Johnson
P.O. Box 70294
San Juan, PR 00936-8294
Tel: 787.756.9000
Fax: 787.756.9010
Email: hquinones@amgprlaw.com


___s/Hilda Quiñones Rivera___
**HILDA QUIÑONES RIVERA**
USDC No. 218201