IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VERNER JOHNSON, INC.<br>Plaintiff<br>vs<br>CSA ARCHITECTS AND ENGINEERS LLP;<br>MUNICIPALITY OF CAGUAS<br>Defendants | CIVIL 10-1123CCC |

## OPINION AND ORDER

The diversity action before us, for breach of contract, arises from a claim by plaintiff Verner Johnson, Inc., a Massachusetts corporation, for monies allegedly owed pursuant to a professional services agreement with CSA Architects and Engineers LLP (CSA) in connection with the design and development of the Caguas Science and Technology Center in Caguas, Puerto Rico, to be built by the municipality.  The case is now before us on defendant CSA's Motion to Dismiss the Complaint on Grounds of Forum Non Conveniens (**docket entry 13**), which was joined by the Municipality of Caguas (docket entry 14). Plaintiff opposed the motion (docket entry 17), and defendant replied (docket entry 19).

Defendants, who are already involved in related lawsuits in the Commonwealth's Court of First Instance, seek to have this case dismissed by the federal court in San Juan so that it can be re-filed in the local court in Caguas, some eighteen miles away.[1]

As recognized by CSA in its motion:

> A District Court's decision of whether to abstain from exercising jurisdiction it may otherwise have over a case is "committed to the sound discretion of the Court," which is required to weigh the "strong presumption in favor of plaintiff's forum choice" against the convenience of having the case heard in another forum. Mercier [v. Sheraton International, Inc.,] 981 F.2d 1345, 1349 (1st Cir. 1992)].  The burden is on the defendant to show both that there is an available adequate alternate forum and "a

---

[1] See, Puerto Rico Department of Transportation's mileage calculator.

CIVIL 10-1123CCC                                  2

<blockquote>likelihood of serious unfairness to the parties in the absence of a transfer to the alternative forum."</blockquote>

Motion to Dismiss, at p. 3.  (Our emphasis.)

Defendants' arguments are unpersuasive.  Their mere presentation of the existence of another forum, the state court in Caguas offers no advantage; this court deals with diversity claims under Puerto Rico contract law on a daily.  The fact that "Verner Johnson has indeed conducted business in Puerto Rico by providing design and planning services as part of the project," (Id., at 6) is simply an argument for exercise of personal jurisdiction over an out of state defendant, and in no way obligates a diverse plaintiff to litigate in the state court system.  Furthermore, there is a notable absence in CSA's motion of any discussion of "the likelihood of serious unfairness to the parties in the absence of a transfer to the alternative forum," because there is none.

Contrary to CSA's reference to Article 20.1 of the Sub-contract, whereby Verner Johnson agreed to "irrevocably submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico in any suit, action or proceeding arising out of or relating to th[e Subcontract],..." defendants' reply, at 2, as "clearly show[ing] the parties' intentions to litigate any contractual dispute with CSA in the state courts of Puerto Rico," id., it unambiguously shows only that Verner Johnson agreed to not file suit outside of Puerto Rico, i.e., in Massachusetts.

Accordingly, the Motion to Dismiss the Complaint on Grounds of Forum Non Conveniens (**docket entry 13**), is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on July 16, 2010.

S/CARMEN CONSUELO CEREZO
United States District Judge